### J. C. TRUELOVE v. THE STATE.

No. 7838.   Decided February 20, 1924.

**Enticing Minor—Plea of Guilty—Practice in Trial Court—Motion for New Trial.**

If the evidence heard on motion for new trial should be considered (the affidavits attached thereto being insufficient) it is not sufficient in our opinion to impeach the judgment upon appellant's plea of guilty, and the bills of exception being without merit, the judgment below is affirmed.

Appeal from the County Court of Ellis. Tried below before the Honorable H. R. Stovall.

Appeal from a conviction of enticing a minor under custody of her father; penalty, a fine of twenty-five dollars.

The opinion states the case.

No brief on file for appellant.

*Grover C. Morris,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for enticing a minor from the custody of her father, his punishment being assessed at a fine of $25.

The judgment recites that appellant after being duly admonished of the consequences thereof by the court entered a plea of guilty to the charge, waived a jury and submitted his plea to the court, and upon such plea of guilty the fine was assessed. Appellant filed a motion for new trial in which he asserts that he did not intend to enter a plea of guilty, but only desired to ascertain what the fine and costs would be in the event he did enter such plea. Attached to the motion are two affidavits. The State calls attention to the fact that the motion for new trial and also the affidavits are sworn to before appellant's attorney, and urges that for this reason neither the motion nor the affidavits should be considered.

If the evidence heard on the motion should be considered it is not sufficient in our opinion to impeach the judgment upon appellant's plea of guilty. We do not regard the contention that the young lady may have left the home of her father voluntarily as any defense to the charge that appellant enticed her away. If she had been taken away forcibly the offense might have been abduction and not that of enticing a minor.

The two bills of exception complaining of the testimony of two witnesses as to what appellant said to them are without merit. They relate to testimony taken upon the motion for rehearing. The objection that the statements were made by appellant while under arrest is not tenable. The witnesses were testifying not upon the issue of his guilt but were combating his averments that he did not understand he was entering a plea of guilty.

The judgment is affirmed.

*Affirmed.*